# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| LASHAWN HOLLINGSWORTH, | |
| Plaintiff, | No. 1:23-cv-02021 |
| v. | Judge Franklin U. Valderrama |
| CONNIE MENNELLA, Director of Cermak Health Services, et al., | Magistrate Judge Beth W. Jantz |
| Defendants. | |

## DEFENDANTS MENNELLA, SHEBEL, AND JIMENEZ' MOTION TO DISMISS PLAINTIFF'S COMPLAINT

Dated: December 29, 2023

Respectfully submitted,

/s/ *Miguel E. Larios*
Miguel E. Larios
Cook County State's Attorney's Office
Conflicts Counsel Unit
50 W Washington St, Suite 2760
Chicago, IL 60602
(312) 603-1427
miguel.larios@cookcountysao.org

*Counsel for Defendants*
*Connie Mennella, M.D., Susan Shebel,*
*and Anna Jimenez*

Defendants CONNIE MENNELLA, M.D., SUSAN SHEBEL, and ANNA JIMENEZ (collectively the "Cermak Defendants"), by their attorney, KIMBERLY M. FOXX, State's Attorney of Cook County, pursuant to Fed. R. Civ. P. 12(b)(6), and for their Motion to Dismiss Plaintiff's Complaint (dkt. 1), state as follows:

## INTRODUCTION

On March 30, 2023, Plaintiff LaShawn Hollingsworth ("Plaintiff") filed this claim (the "Complaint") pursuant to 42 U.S.C. § 1983 against Defendants Dr. Connie Mennella, the former Director of Cermak Health Services ("Cermak"), Susan Shebel, a Cermak nurse who reviews certain detainee grievances, and Anna Jimenez, a former Cermak employee (collectively, the "Cermak Defendants"). (Dkt. 1). Plaintiff's Complaint is deficient for four reasons. First, Plaintiff's Complaint lacks any plausible allegations that the individual defendants (such as the former Director of Cermak Health Services) were personally involved in the constitutional deprivations alleged by Plaintiff. Second, Ms. Shebel cannot be liable to Plaintiff simply for reviewing and responding to his grievances. Third, Plaintiff's actual claims expired years ago and are barred by Illinois' two-year statute of limitations. Fourth, detainees such as Plaintiff are not entitled to demand specific medical treatment.

For the reasons more fully articulated below, Plaintiff's claims against the Cermak Defendants should be dismissed.

2

## LEGAL STANDARD

"A Rule 12(b)(6) motion challenges the sufficiency of the complaint itself." *Bonnstetter v. City of Chicago*, 811 F.3d 969, 973 (7th Cir. 2016). In considering a motion to dismiss, the Court accepts as true all well pleaded facts and draws all reasonable inferences from those facts in Plaintiff's favor. *AnchorBank, FSB v. Hofer*, 649 F.3d 610, 614 (7th Cir. 2011). While "detailed factual allegations" are not required, "labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. The Court need not draw inferences which are not apparent on the face of the complaint. *See McCauley v. City of Chicago*, 671 F.3d 611, 616 (7th Cir. 2011).

## ARGUMENT

**1. Plaintiff's Complaint Should Be Dismissed Because It Fails to State Plausible Claim Against the Cermak Defendants.**

Plaintiff's Complaint attempts to plead a cause of action against the Cermak Defendants for deliberate indifference. The Complaint however does not attempt to make allegations specific to Dr. Mennella, Ms. Shebel, or Ms. Jimenez, and, in fact, only mentions Dr. Mennella and Ms. Shebel's position at Cermak. (Dkt. 1, at 2). Ms. Jimenez' name is listed in the caption and within the Complaint but not in the list of

3

defendants and no information about her involvement is alleged. In the body of the Complaint, the Cermak Defendants are named jointly but Plaintiff does not allege any actual personal involvement by any of them. (Dkt. 1, at 4-6). This absence of specific allegations is fatal to Plaintiff's claim.

A plaintiff "cannot state a claim against a defendant [merely] by including the defendant's name in the caption" of the complaint. *See Potter v. Clark*, 497 F.2d 1206, 1207 (7th Cir. 1974); *see also Black v. Lane*, 22 F.3d 1395, 1401, n.8 (7th Cir. 1994) ("Where a complaint alleges no specific act or conduct on the part of the defendant and the complaint is silent as to the defendant except for his name appearing in the caption, the complaint is properly dismissed."). This is precisely what Plaintiff has done here. For example, there is no plausible argument that the former Director of Cermak Health Services, Dr. Mennella, has any responsibility over items such as mattresses, nor does Plaintiff allege as much.

Section 1983 creates a cause of action based upon personal liability and predicated on fault; to be held liable, an individual must have caused or participated in a constitutional deprivation. *Kuhn v. Goodlow*, 678 F.3d 552, 556 (7th Cir. 2012); *Pepper v. Vill. of Oak Park*, 430 F.3d 805, 810 (7th Cir. 2005). There are no allegations that the Cermak Defendants "caused" or "participated" in the alleged constitutional deprivation. Here, Plaintiff's Complaint is devoid of any allegations that the Cermak Defendants had any participation or personal involvement with Plaintiff whatsoever. For this reason, Plaintiff's Complaint should be dismissed.

**2.     Plaintiff's Claims Are All Barred by the Statute of Limitations.**

All of the claims alleged by Plaintiff – inadequate living conditions, ADA accommodation refusals, improper bedding, access to a walking cane — should be dismissed as barred by the statute of limitations. The Seventh Circuit has held that "the correct statute of limitations for Section 1983 actions filed in Illinois is two years as set forth in 735 ILCS 5/13-202."); 42 U.S.C. § 12133. The statute of limitations begins "when the plaintiff has a complete and present cause of action." *Walden v. City of Chicago*, 755 F. Supp. 2d 942, 954 (N.D. Ill. 2010). Going through each of Plaintiff's claims reveals that they are all untimely brought.

First, Plaintiff alleges that his claims relating to his living conditions began on July 3, 2017. (Dkt. 1, at 4) ("On the date of July 3, 2017, I was forced to live in comdemnable [sic] living quarters in Division #2 of the Cook County Jail."). Thus, Plaintiff had until July 3, 2019 to bring such a claim pursuant to 42 U.S.C. § 1983. Because he waited until March 30, 2023 before bring this action, his claim now is untimely and should be dismissed.

Second, Plaintiff alleges that his claim relating to the lack of accommodations in response to his ADA grievances occurred "June, July, and August of 2017" (dkt. 1, at 4). Thus, Plaintiff had until August 2019 to bring those claims at the latest. He instead waited more than five years and therefore his claim is now untimely.

Third, Plaintiff was denied "proper" bedding starting in "June 27, 2017" (dkt. 1, at 4). Again, Plaintiff had until June 27, 2019 to bring this claim forward. He chose not to and his claim is therefore untimely.

5

Fourth, Plaintiff alleges that he was denied "the right to have the use of my walking cane from the month of June 27, 2017 [sic] up until August of 2019." (Dkt. 1, at 4). Regardless of whether this claim accrued in June 2017 or August 2019, Plaintiff had until August 2021 at the very latest to file this claim. He did not. This current lawsuit was filed on March 30, 2023, more than a year too late.

Statute of limitations issues are generally not resolved on a Rule 12(b)(6) motion unless the complaint establishes the defense on its face. *Bonnstetter v. City of Chicago*, 811 F.3d 969, 974 (7th Cir. 2016). Here however, Plaintiff's complaint makes it clear when each alleged claim accrued since he gives a start date for each. (Dkt. 1). Therefore, a statute of limitations issue arises on the face of Plaintiff's Complaint and raising the statute of limitations defense in a Rule 12(b)(6) motion is appropriate.

**3.    Ms. Shebel Is Not Liable Simply for Reviewing Detainee Grievances.**

In addition to the reasons articulated in this motion, Ms. Shebel should be dismissed from this action because, as noted *supra*, liability under Section 1983 requires a defendant's personal involvement in the alleged constitutional violation. *See Palmer v. Marion County*, 327 F.3d 588, 594 (7th Cir. 2003). Section 1983 creates a cause of action based on personal liability and predicated upon fault; thus, an individual can only be liable for a constitutional violation in which he or she actually caused, or participated. *Pepper*, 430 F.3d at 810; *Taylor v. Cook County*, 2013 U.S. Dist. LEXIS 72890, *15 (N.D. Ill. 2013). According to the Seventh Circuit, a defendant such as Ms. Shebel cannot be held liable for a constitutional violation for merely processing and responding to grievances. *Sanville v. McCaughtry*, 266 F.3d 724, 740

(7th Cir. 2001); *Owens v. Hinsley*, 635 F.3d 950, 953-54 (7th Cir. 2011) ("Prison grievance procedures are not mandated by the First amendment and do not by their very existence create interests protected by the Due Process Clause, and so the alleged mishandling of [plaintiff's] grievances by persons who otherwise did not cause or participate in the underlying conduct states no claim.").

Plaintiff thus cannot hold Ms. Shebel liable here for merely reviewing and responding to grievances. *See Sanville*, 266 F.3d at 740; *Owens*, 635 F.3d at 953-54. Plaintiff never alleges that Ms. Shebel saw, examined, or treated him during his time at Cook County Jail. Moreover, Plaintiff makes no allegation that Ms. Shebel had any part in Plaintiff's medical care while detained. Furthermore, Plaintiff states no action or inaction of Ms. Shebel other than her involvement in the grievance process, which cannot be a violation of Plaintiff's constitutional rights. Without any other conduct allegations against Ms. Shebel, Plaintiff cannot properly state a Section 1983 claim against her. Accordingly, the Court should dismiss Ms. Shebel from Plaintiff's Complaint because he has failed to plead any plausible allegation of personal involvement by Ms. Shebel.

### 4. Plaintiff Cannot Demand Specific Medical Treatment While in Custody.

As noted above, Plaintiff's precise complaints are difficult to discern. However, to the extent that Plaintiff complains of his medical treatment while he was a detainee at the Cook County Jail, any such claims should be dismissed because detainees cannot demand a specific type of treatment while incarcerated. Although the treatment of detainees must be constitutional, allegations of inadequate medical

7

care under the Fourteenth Amendment Due Process Clause requires: (1) facts that support an inference that the individual defendant's conduct was purposeful, knowing, or perhaps reckless when the defendant "considered the consequences of their handling of plaintiff's case" and (2) a determination of whether defendants' treatment of plaintiff was objectively unreasonable. *McCann v. Ogle City*, 909 F.3d 881, 886 (7th Cir. 2018).

Detainees such as Plaintiff cannot select or demand the type of medical care they receive. *Forbes v. Edgar*, 112 F.3d 262, 267 (7th Cir. 1997) (an inmate is not entitled to demand either specific care or the best care possible). Here, Plaintiff does not allege that the Cermak Defendants at any time during his stay at the Cook County Jail saw, treated, or examined him. In fact, Plaintiff does not name any medical providers who allegedly neglected his treatment. Plaintiff presumably named Ms. Shebel because of her position where she reviews certain detainee grievances, but he does not explain why Ms. Shebel's role in the grievance process actually deprived him of his constitutional rights. Plaintiff notably does not allege that he was prevented from seeing his medical providers entirely.

Although it appears that Plaintiff asserts that his symptoms continued to worsen and that he did not receive the specific procedures or treatments he requested, Plaintiff fails to plead that any Cermak Defendants or treating medical providers were objectively unreasonable in their treatment of Plaintiff. To the extent that Plaintiff complains that he did not receive a specific type of treatment, he is not entitled to make such a selection. For this reason, Plaintiff's Complaint is deficient

8

and should be dismissed.

**WHEREFORE**, Defendants CONNIE MENNELLA, M.D., SUSAN SHEBEL, and ANNA JIMENEZ respectfully request that this Honorable Court stay any responsive pleadings and discovery in this matter until the Court rules upon this motion, grant this motion, dismiss Plaintiff's Complaint, and grant such further relief that this Court deems necessary and just.

Dated: December 29, 2023                Respectfully submitted,

*/s/ Miguel E. Larios*
Miguel E. Larios
Cook County State's Attorney's Office
Conflicts Counsel Unit
50 W Washington St, Suite 2760
Chicago, IL 60602
(312) 603-1427
miguel.larios@cookcountysao.org

*Counsel for Defendant*
*Connie Mennella, M.D., Susan Shebel,*
*and Anna Jimenez*

**CERTIFICATE OF SERVICE**

I hereby certify that on December 29, 2023, I electronically filed the foregoing document with the clerk of the court for the Northern District of Illinois, using the electronic case filing system of the court. The electronic case filing system sent a "Notice of E-Filing" to the attorneys of recordin this case.

*/s/ Miguel E. Larios*
