**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| LASHAWN HOLLINGSWORTH, | |
| Plaintiff, | No. 1:23-cv-2021 |
| v. | Judge Franklin U. Valderrama |
| CONNIE MENNELLA, *et al.*, | |
| Defendants. | |

**ORDER**

For nearly five years, Plaintiff LaShawn Hollingsworth (Hollingsworth), was a detainee at the Cook County Jail. R.[1] 1, Compl. Upon his release, Hollingsworth, proceeding *pro se*, brought a lawsuit under 42 U.S.C. §1983 for deliberate indifference to his medical needs and living conditions. *Id*. Apparently, Hollingsworth also alleges a claim under the Americans with Disabilities Act (ADA), 42 U.S.C. § 12132. *Id*. He names as defendants several staff members who worked at Cermak Health Services (the healthcare provider at the Cook County Jail) during the time of his incarceration: Connie Mennella, the former Director; Susan Shebel, the nurse tasked with reviewing detainee grievances; and Anna Jimenez, a former employee (together, the Cermak Defendants). *Id*. He also names as a defendant the ADA Compliance Officer working on behalf of the Cook County Sheriff's Office at the time of his alleged deprivations,

---

[1]Citations to the docket are indicated by "R." followed by the docket number or filing name, and, where necessary, a page or paragraph citation.

Sabrina Rivera (Defendant Rivera) (together with the Cermak Defendants, the Defendants). *Id.*

Defendant Rivera and the Cermak Defendants separately moved to dismiss Hollingsworth's claim under Federal Rule of Civil Procedure 12(b)(6). R. 38, Cermak Mot. Dismiss; R. 39, Rivera Mot. Dismiss. Given the claims against the Defendants derive from the same factual background and the substantial overlap between the arguments raised by the Defendants, the Court will address these parallel motions to dismiss in this Order. For the following reasons, the Court the grants the Defendants' motions to dismiss as to both Hollingsworth's Section 1983 claim and his ADA claim. The Court grants Hollingsworth leave to amend his Complaint consistent with this Order.

**Background**[2]

Hollingsworth was incarcerated at the Cook County Jail between June 2017 and February 2022. Compl. at 4. Hollingsworth alleges that during his incarceration, the Defendants denied him proper bedding, adequate medical care, and the use of his cane beginning in June 2017. *Id.* Although he does not provide dates for additional alleged violations, Hollingsworth also claims he was forced to participate in recreation despite experiencing pain, was contaminated with body lice from a mattress provided by Cermak Health Services, and was denied treatment for a broken finger, boils, and carbuncles. *Id.* at 5. Additionally, Hollingsworth asserts

---

[2]The Court accepts as true all facts in the complaint and draws all reasonable inferences in favor of Hollingsworth. *See St. John v. Cach, LLC*, 822 F.3d 388, 389 (7th Cir. 2016) (internal citations omitted).

that, despite being diagnosed with degenerative disc disease in his back and having had surgeries on his back and right arm, the Defendants deliberately gave him bedding known to be inadequate for his conditions and denied the accommodation of cuffing his hands in front of his body to avoid further harm to his shoulder and arm. *Id*. at 5-6. As a result, he claims to experience chronic pain, a remedy of which requires surgical intervention. *Id*.

Before commencing this action, Hollingsworth filed another lawsuit pursuant to Section 1983 in the United States District Court for the Northern District of Illinois against Thomas J. Dart, the Cook County Sheriff, in which he claimed inadequate prison conditions as described here. Compl. at 3. That suit, however, was settled around March 2020. *Id*.

On March 30, 2023, Hollingsworth filed this action against the Defendants, alleging violations of his rights under Section 1983 and, it appears, the ADA, for failure to accommodate his disabilities and provide adequate medical care. Compl. Defendants' motions to dismiss are now before the Court.

## Legal Standard

A motion to dismiss under Rule 12(b)(6) challenges the sufficiency of the complaint. *Hallinan v. Fraternal Order of Police of Chi. Lodge No. 7*, 570 F.3d 811, 820 (7th Cir. 2009). Under Rule 8(a)(2), a complaint must include only "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). To survive a motion to dismiss, a complaint need only contain factual allegations, accepted as true, sufficient to "state a claim to relief that is plausible on

its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. The allegations "must be enough to raise a right to relief above the speculative level." *Twombly* at 555. The allegations that are entitled to the assumption of truth are those that are factual, rather than mere legal conclusions. *Iqbal* at 678–79.

## Analysis

The Defendants move the Court to dismiss this suit because it was filed beyond the applicable statute of limitations, or, alternatively, because the Complaint does not allege that the Defendants were personally involved in the alleged violations. Cermak Mot. Dismiss at 2; Rivera Mot. Dismiss at 1. Additionally, the Cermak Defendants argue that Hollingsworth is not entitled to specific medical treatment and that Defendant Shebel cannot be held liable for simply reviewing and responding to grievances. Cermak Mot. Dismiss at 2, 6–9. Defendant Rivera also asserts that the suit should be dismissed because she is entitled to qualified immunity against the claims alleged, and that ADA claims cannot be brought against individuals. Rivera Mot. Dismiss at 1–2, 4–5, 7–8. The Court addresses each argument in turn.

### I. Section 1983 Claim

#### A. Statute of Limitations

The Defendants argue that Hollingworth's claims are barred by the statute of limitations for Section 1983 cases. Cermak Mot. Dismiss at 2; Rivera Mot. Dismiss at

1. More specifically, arguing that federal courts must adopt the forum state's statute of limitations for personal injury claims because Section 1983 does not have an express statute of limitations, the Defendants insist that Illinois' two-year statute of limitations for personal injury claims applies to this case. Rivera Mot. Dismiss at 2 (citing *Johnson v. Rivera*, 272 F.3d 519, 521 (7th Cir. 2001)); Cermak Mot. Dismiss at 5–6 (citing 42 U.S.C. § 12133). And thus, each of Hollingsworth's allegations is time-barred because the statute of limitations begins to run when Hollingsworth could have filed a suit and obtained relief. Cermak Mot. Dismiss at 5 (citing *Walden v. City of Chicago*, 755 F. Supp. 2d 942, 954 (N.D. Ill. 2010)); Rivera Mot. Dismiss at 3. Hollingsworth, in response, resubmitted his original complaint in which he alleges his rights were violated from 2017 to 2022 and that he continues to experience pain and require medical treatment as a result. R. 41, Resp. He did not, however, address the arguments raised by the Defendants other than to say that he indeed stated a detailed claim in his original Complaint. *Id.*

"While expiration of the statute of limitations is an affirmative defense that may be pled in an answer pursuant to Rule 8(c), it can be used as a basis for granting a 12(b)(6) motion where the case is 'obviously time-barred.'" *Small v. Chao*, 398 F.3d 894, 898 (7th Cir. 2005). A case is obviously time-barred if the factual allegations in the complaint include dates that establish the claim was filed after the applicable statute of limitations expired. *Bonnstetter v. City of Chicago*, 811 F.3d 969, 974 (7th Cir. 2016). When this happens, a plaintiff can "plead himself out of court." *Lekas v. Briley*, 405 F.3d 602, 606 (7th Cir. 2005).

Because Section 1983 does not include its own statute of limitations, the forum state's statute of limitations period for personal injury torts is the appropriate statute of limitations for a Section 1983 claim. *Wilson v. Garcia*, 471 U.S. 261, 280 (1985). In Illinois, the statute of limitations for a personal injury claim is two-years. Therefore, Section 1983 claims are subject to a two-year statute of limitations. *Kalimara v. Illinois Dep't of Corrections*, 879 F.2d 276, 277 (7th Cir. 1989). While state law determines the statute of limitations, federal law determines the date of accrual of the cause of action. *Behavioral Inst. of Ind., LLC v. Hobart City of Common Council*, 406 F.3d 926, 929 (7th Cir. 2005).

Section 1983 claims accrue when the plaintiff "knows or should know that his or her constitutional rights have been violated." *Hileman v. Maze*, 367 F.3d 694, 698 (7th Cir. 2004). It is "the standard rule" that accrual in a Section 1983 claim occurs when the plaintiff has a "complete and present cause of action," meaning when the plaintiff can "file suit and obtain relief." *Wallace v. Kato*, 549 U.S. 384, 388 (2007) (cleaned up)[3]. The Court's "task, therefore, is to identify the constitutional violation and locate it in time." *Lawshe v. Simpson*, 16 F.3d 1475, 1478 (7th Cir. 1994). Put another way, courts should focus on the "time of the discriminatory act, not the point at which the consequences of the act become painful." *Hileman* at 698.

Here, Hollingsworth's alleged violations span from June 27, 2017, to February 17, 2022. Compl. Hollingsworth alleges he was denied the use of his cane from June

---

[3]This Opinion uses (cleaned up) to indicate that internal quotation marks, alterations, and citations have been omitted from quotations. *See* Jack Metzler, *Cleaning Up Quotations*, 18 Journal of Appellate Practice and Process 143 (2017).

27, 2017, to August 2019; denied proper bedding from June 27, 2017, until February 17, 2022; and provided inadequate medical care from 2017 to 2022. *Id.* at 4. He does not specify dates for his alleged forced participation in recreation, denial of the accommodation of cuffing his hands in front of his body, contamination with body lice, or denial of treatment for his broken finger, boils, and carbuncles. *Id.* at 4–5.

At first blush, it appears that Hollingsworth's claims are time-barred. That is, he knew or should have known as of June 2017 of the violation of his constitutional rights. Thus, he needed to file suit before June 2019. Compl. at 4. *See McMasters v. U.S.*, 260 F.3d 814, 818 (7th Cir. 2001) (*pro se* litigants must determine and comply with the appropriate statute of limitations). That is, unless Hollingsworth's claims are subject to the continuing violation doctrine, in which case the two-year period starts to run from the date of the last incidence of the violation, not the first. *Turley v. Rednour*, 729 F.3d 645 (7th Cir. 2013).

The continuing violation doctrine is an equitable doctrine "aimed at ensuring that illegal conduct is punished by preventing a defendant from invoking the earliest manifestation of its wrongful conduct as a means of running out the limitations clock on a course of misconduct that persisted over time..." *United States v. Spectrum Brands, Inc.*, 924 F.3d 337, 350 (7th Cir. 2019). As the Seventh Circuit has explained, "the doctrine serves that end by treating the defendant's misconduct as a continuing wrong and deeming the action timely so long as the last act evidencing a defendant's violation falls within the limitations period." *Id*. That is, "where the violation at issue can be characterized as a continuing wrong, the limitations period begins to run not

when an action on the violation could first be brought, but when the course of the conduct is complete." *Id*.

As noted, Hollingsworth is proceeding *pro se*. Pleadings drafted by *pro se* litigants are not held to the stringent standards expected of those prepared by lawyers, so the allegations in the complaint must be liberally construed. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) ("A document filed *pro se* is to be liberally construed and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.") (cleaned up); *Wynn v. Southward*, 251 F.3d 588, 593 (7th Cir. 2001) (finding that the *pro se* plaintiff's "pleadings deserve liberal construction."). Accordingly, taking as true the facts in Hollingsworth's Complaint, and drawing all reasonable inferences in his favor, the Court cannot say that Hollingsworth has pled himself out of court for his claims, except for his allegation that he was denied the use of his cane, as by his own admission, the last date of that conduct was August 2019, putting his claim outside the statute of limitations. As for the remainder of his claims, it may be the case that the evidence will show that Hollingsworth's claims are time-barred, but today is not that day. As such, the Court denies Defendants' motion to dismiss Hollingsworth's Section 1983 claim on the basis of statute of limitations.

### B. Specific Medical Treatment

The Defendants argue that the deprivations Hollingsworth alleges do not amount to constitutional violations, but rather disagreements over the type of medical care provided. Cermak Mot. Dismiss at 8; Rivera Mot. Dismiss at 7-8. To support their

argument, they point out that despite his dissatisfaction with the care provided, Hollingsworth does not allege he was prevented from seeing medical providers altogether. Cermak Mot. Dismiss at 8; Rivera Mot. Dismiss at 5-6. The Cermak Defendants assert that detainees are not entitled to specific medical care or even the best medical care, but rather reasonable treatment. Cermak Mot. Dismiss at 8. While the Cermak Defendants acknowledge that the treatment of detainees must be constitutional, they argue that Hollingsworth did not meet his burden of alleging facts that satisfy the two-pronged *McCann v. Ogle City* framework to demonstrate medical care to be constitutionally inadequate. Cermak Mot. Dismiss at 7-8 (citing *McCann v. Ogle City*, 909 F.3d 881, 886 (7th Cir. 2018)). In other words, they argue Hollingsworth's allegations do not support an inference that the Defendants' conduct was (1) "purposeful, knowing, or perhaps reckless" and (2) "objectively unreasonable." *Id*. As with the Defendants' other arguments, Hollingsworth does not respond to the Defendants' argument about entitlement to specific medical treatment in his response to the motion to dismiss. Resp.

The Fourteenth Amendment's Due Process Clause governs a pretrial detainee's condition of confinement claim. *Turner v. Paul*, 953 F.3d 1011, 1015 (7th Cir. 2020). Because pretrial detainees are presumed to be innocent, "the punishment model is inappropriate for them." *Miranda v. County of Lake*, 900 F.3d 335, 350 (7th Cir. 2018). As the Cermak Defendants assert, a prison official's conduct must be purposeful, knowing, or reckless to satisfy the first prong of the *McCann v. Ogle City*'s test for determining whether a detainee's Fourteenth Amendment rights have been violated.

*McCann* at 886. If the first prong is satisfied, the totality of the facts and circumstances surrounding the allegations must be evaluated for objective reasonableness. *Id*. If a factual inquiry shows that the treatment provided was objectively unreasonable, the official or officials responsible for the detainee's treatment could be found liable for violating the detainee's Fourteenth Amendment rights. *Id*. at 887.

Accepting the allegations in the Complaint as true and considering the information currently available to the Court, the Court is unable to determine whether Hollingsworth was treated objectively unreasonably due to the Defendants' purposeful, knowing, or reckless conduct. This determination would require an inquiry into the facts and circumstances surrounding the allegations. Additionally, it is far from clear that Hollingsworth's allegations constitute a disagreement over medical care rather than a violation of constitutional rights. Denial of bedding adequate for his disability, forced participation in recreation, contamination with body lice, denial of the accommodation of cuffing his hands in front of his body, and denial of treatment for a broken finger, boils, and carbuncles could very well be found to constitute objectively unreasonable treatment. Compl. As such, the Court disagrees with the Defendants that the allegations indicate a disagreement regarding specific medical treatment and finds that a more rigorous inquiry is required to determine whether the Defendants' conduct constitutes a violation of Hollingsworth's Fourteenth Amendment rights.

### C. Defendant Rivera's Qualified Immunity

Defendant Rivera also asserts qualified immunity as an affirmative defense against Hollingsworth's claims. Rivera Mot. Dismiss at 2, 7-8. Qualified immunity "'shields officials from civil liability so long as their conduct does not violate clearly established . . . constitutional rights of which a reasonable person would have known.'" *Hernandez v. Mesa*, 137 S. Ct. 2003, 2007 (2017) (quoting *Mullenix v. Luna*, 577 U.S. ——, ——, 136 S.Ct. 305, 308 (2015) (*per curiam*)). "The doctrine of qualified immunity balances dueling interests—allowing officials to perform their duties reasonably without fear of liability on the one hand and affording members of the public the ability to vindicate constitutional violations by government officials who abuse their offices on the other." *Lopez v. Sheriff of Cook Cty.*, 993 F.3d 981, 987 (7th Cir. 2021) (internal citation omitted). "The purpose of qualified immunity is to protect 'all but the plainly incompetent or those who knowingly violate the law.'" *Humphrey v. Staszak*, 148 F.3d 719, 727 (7th Cir. 1998) (quoting *Malley v. Briggs*, 475 U.S. 335, 341 (1986)).

Qualified immunity is an affirmative defense, but once a defendant properly raises the defense, the burden shifts to the plaintiff to defeat it. *Leiser v. Kloth*, 933 F.3d 696, 701 (7th Cir. 2019), *cert. denied*, 140 S. Ct. 2722 (2020). Courts, in determining whether qualified immunity applies, engage in a two-prong inquiry. *Rose ex rel. Estate of Williams v. Cline*, 902 F.3d 643, 648 (7th Cir. 2018). Under the first prong, the court inquires whether the facts, taken in the light most favorable to the injured party, show that the official's conduct violated a federal

right. *Saucier v. Katz,* 533 U.S. 194, 201 (2001). Under the second prong, the court inquires whether the constitutional right was clearly established at the time of the challenged conduct. *Id*. "Dismissal under Rule 12(b)(6) is appropriate based on qualified immunity only when the plaintiffs' well-pleaded allegations, taken as true, do not 'state a claim of violation of clearly established law'." *Hanson v. LeVan*, 967 F.3d 584, 590 (7th Cir. 2020).

As the Seventh Circuit has instructed "dismissals under Rule 12(b)(6) are appropriate based on qualified immunity only when the plaintiff's well-pleaded allegations, taken as true, do not state a claim of violation of clearly established law." *Id.* This is so, "[b]ecause qualified immunity defense so clearly depends on the facts of a case, a complaint is generally not dismissed under Rule 12(b)(6) on qualified immunity grounds." *Reed v. Palmer*, 906 F.3d 540, 548 (7th Cir. 2018).

As mentioned above, Defendant Rivera argues that Hollingsworth's allegations constitute a disagreement in medical care, not a violation of clearly established constitutional rights. Rivera Mot. Dismiss at 7-8. Thus, she asserts that he has not defeated her qualified immunity. *Id*. Hollingsworth does not address Defendant Rivera's argument about qualified immunity in his response to the motion to dismiss. Resp.

Defendant Rivera is correct that qualified immunity can protect government officials such as herself from individual liability under Section 1983 for actions taken performing their discretionary duties unless their actions violate clearly established statutory or constitutional rights of which a reasonable person would have known.

*Hernandez* at 2007. However, as discussed above, objectively unreasonable purposeful, knowing, or reckless conduct can be found to be a violation of clearly established Fourteenth Amendment rights. *McCann* at 886. Thus, if Defendant Rivera is found to have purposefully, knowingly, or recklessly acted objectively unreasonably in regard to Hollingsworth's alleged deprivations, her qualified immunity could be defeated, and she could be held liable under Section 1983 for violating Hollingsworth's constitutional rights. *Id*. Thus, dismissal under Rule 12(b)(6) based on qualified immunity is not appropriate here. *Hanson* at 590.

### D. Personal Liability

The Defendants assert that Hollingsworth has not specified how they directly caused or participated in the alleged constitutional violations as required to establish liability in a Section 1983 case. Cermak Mot. Dismiss at 4; Rivera Mot. Dismiss at 5. Further, Defendant Rivera argues that because she is a nonmedical defendant and was not an employee of Cermak at the time of the alleged abuses, she cannot be held liable for any deprivation alleged. Rivera Mot. Dismiss at 6-7. Similarly, the Cermak Defendants assert that a "defendant such as Ms. Shebel," who merely reviews and responds to grievances, cannot be held liable for the alleged violations under Section 1983. Cermak Mot. Dismiss at 6. As with the Defendants' other arguments, Hollingsworth does not respond to the arguments about personal liability in his response to the motions to dismiss. Resp.

"[E]ven under the liberal construction to be given to *pro se* complaints" a plaintiff's complaint must allege a specific act or conduct on the part of the defendant

to proceed. *Potter v. Clark*, 497 F.2d 1206, 1207 (7th Cir. 1974). Thus, as argued by the Defendants, to be held liable in a Section 1983 action, an official must have caused or participated in a constitutional deprivation. *Kuhn v. Goodlow*, 678 F.3d 552, 556 (7th Cir. 2012).

The Court agrees with the Defendants that Hollingsworth has not sufficiently described any specific actions through which the Defendants personally caused or participated in the alleged deprivations. While Defendants Rivera's and Shebel's positions may not involve directly providing medical care, they still could be liable for Hollingsworth's alleged deprivations if they are found to have known of constitutional violations and not acted to rectify them. *Chavez v. Illinois State Police*, 251 F.3d 612, 652 (7th Cir. 2001) (a nonmedical defendant may be deemed personally responsible "if he directed the conduct causing the constitutional violation, or if it occurred with his knowledge or consent."); *Courtney v. Butler*, 66 F.4th 1043, 1052 (7th Cir. 2023) (an official responsible for addressing grievances may be held liable in a Section 1983 action if he or she failed to investigate and respond to the grievance filed). Although Defendant Rivera argues that she cannot be held liable for Hollingsworth's treatment because she is not a Cermak employee, a question of fact remains as to whether her conduct was purposeful, knowing, or reckless and directly contributed to Hollingsworth's allegedly objectively unreasonable medical care.

For these reasons, the Court grants the motions to dismiss Hollingsworth's Section 1983 claims without prejudice. The Court grants Hollingsworth leave to amend his Complaint consistent with this Order.

## II. ADA Claim

As far as the Court can discern, Hollingsworth not only asserts a claim under Section 1983, but also a claim under the Americans with Disabilities Act (ADA), 42 U.S.C. § 12132. Compl. at 4. Defendant Rivera moves to dismiss his ADA claim on the basis that he may not bring such a claim against an individual. Rivera Mot. Dismiss at 1, 4-5. As with the Defendants' other arguments, Hollingsworth does not respond to Defendant Rivera's argument about the ADA in his response to the motion to dismiss. Resp.

Defendant Rivera is correct that a claim under the ADA cannot be brought against an individual. The text of the ADA specifies that its protections are against public entities. 42 U.S.C. § 12132. A public entity is defined as "any State or local government" and "any department, agency, special purpose district, or other instrumentality of a State or States or local government." § 12131. Thus, a plaintiff must pursue an ADA claim against a public entity itself and cannot proceed against individual defendants in their personal capacities. *Grzan v. Charter Hosp. of Northwest Ind.*, 104 F.3d 116, 119-20 (7th Cir. 1997). Here, the claims Hollingsworth has brought are against the Defendants in their individual capacities rather than against a public entity. This means his ADA claim cannot proceed and, as such, the Court dismisses Hollingsworth's ADA claim without prejudice. The Court grants Hollingsworth leave to amend his Complaint consistent with this Order.

## Conclusion

For the reasons above, the Court grants the Defendants' motions to dismiss as to both Hollingsworth's Section 1983 claim and his ADA claim. The Court grants Hollingsworth leave to amend his Complaint consistent with this Order, "[u]nless it is *certain* from the face of the complaint that any amendment would be futile or otherwise unwarranted" and there is "no set of facts in support of his claim which would entitle him to relief." *Runnion ex rel. Runnion v. Girl Scouts of Greater Chicago and Northwest Indiana*, 786 F.3d 510, 519-20 (7th Cir. 2015); *Conley v. Gibson*, 355 U.S. 41, 46 (1957).

Dated: 7/19/2024

_____
United States District Judge
Franklin U. Valderrama